IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD J. CAMPBELL, JR.,  :
and KRISTIE CAMPBELL,      :
                           :
    Plaintiffs,             :
                           :   CIVIL ACTION NO.
    v.                      :   1:08-CV-0810-JOF
                           :
ALTEC INDUSTRIES, INC., et al.,  :
                           :
    Defendants.             :

## **OPINION AND ORDER**

This matter is before the court on third-party Georgia Power Company's Motion to Intervene [9].

On June 30, 2006, Georgia Power employee Ronald Campbell was severely injured while using a bucket truck manufactured and sold by Altec Industries, Inc. ("Altec"), which contained a boom cylinder assembly manufactured by Texas Hydraulics, Inc. ("Texas Hydraulics"). Georgia Power paid more than $100,000 in medical expenses and lost wages to Campbell under the Georgia Workers' Compensation Act, O.C.G.A. § 34-9-1, *et seq.* Campbell subsequently filed the instant lawsuit against Altec and Texas Hydraulics. Georgia Power filed the instant Motion to Intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

Georgia Power requests to intervene, subject to the following provisions: (1) Georgia Power will not be named in the style of the case; (2) Plaintiff must present all available evidence of economic and non-economic damages to the jury; (3) Plaintiff must do nothing at trial to prejudice Georgia Power's lien; (4) the jury will return a special verdict separating the various damages; (5) the court will order a bifurcated trial for subrogation recovery; and (6) the court will allow a post-trial hearing on apportionment of attorney's fees. Both Plaintiff Campbell and Defendants Altec and Texas Hydraulics filed responses to Georgia Power's Motion to Intervene [17, 18]. All three parties agree that Georgia Power has the right to intervene; they contest Georgia Power's six conditions. The parties argue that there is no authority which grants Georgia Power the right to unilaterally impose conditions on its own intervention.

Fed. R. Civ. P. 24(a)(2) grants a party the right to intervene when it "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." O.C.G.A. § 34-9-11.1(b) states:

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such

2

recovery. The employer or insurer may intervene in any action to protect and
enforce such lien.

A subrogation lien under O.C.G.A. § 34-9-11.1(b) is a sufficient interest to satisfy the first requirement of Fed. R. Civ. P. 24(a). *Clifton v. Gainey Transp. Svsc., Inc.*, 2008 U.S. Dist. LEXIS 111940, *3-4 (S.D. Ga. Feb. 19, 2008); *Lee v. Genie Indus., Inc.*, No. 3:07-CV-47 (CDL), 2007 U.S. Dist. LEXIS 82260 (M.D. Ga. Nov. 6, 2007).

Eleventh Circuit case law states that an intervening party should be treated just as if it were an original party. *See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1246 (11th Cir. 2006) ("Once a court grants intervention, whether of right or by permission, the intervener is treated as if it were an original party and has equal standing with the original parties."). However, the Eleventh Circuit has found that a court may impose conditions on permissive intervention and intervention of right. *Southern v. Plumb Tools, Div. of Ames Corp.*, 696 F.2d 1321, 1323 (11th Cir. 1983). Procedural conditions may be necessary in order to ensure substantive rules, such as the collateral source doctrine, are enforced or to referee disagreements and conflicts between the intervenor and the plaintiff regarding pleadings, arguments, or discovery tactics. *Id.*; *Int'l Maint. Corp. v. Inland Paper Bd. & Packaging*, 256 Ga. App. 752 (2002).

Here, Georgia Power has paid for Plaintiff's medical costs and lost wages and thus has a lien under section 34-9-11 and meets the first prong of Rule 24(a)(2). Georgia Power has a quasi-adversarial relationship with Plaintiff with respect to this litigation because any

3

recovery for Georgia Power would necessarily reduce Plaintiff's recovery; thus Plaintiff will not protect Georgia Power's interest. The parties have conceded Georgia Power's right to intervene at this time. Therefore, the court will GRANT Georgia's Power's request to intervene.

The court will also GRANT Georgia Power's requested qualifications. The court finds that the presence of Georgia Power's name in the captain of this matter before a jury might diminish Plaintiff's ability to pursue his cause of action and receive a full and fair recovery. As such Georgia Power's name will remain a part of this matter for administrative purposes, but nothing with Georgia Power's name on it will be shown to any potential jury, and the parties are directed not to indicate during any future jury trial that Georgia Power is a party to this action. The court likewise finds that Georgia Power's other requested qualifications will minimize conflict between it and Plaintiff and ensure that both it and Plaintiff have the best opportunity to pursue their interests. Georgia Power's Motion to Intervene [9] is GRANTED

**IT IS SO ORDERED** this 12th day of December 2008.

                                                 s/ J. Owen Forrester
                                                    J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)